# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Fraternities Accident Order v. Armstrong.

March 14, 1907.

Absent, Cardwell, J.

1. Mutual Benefit Societies—*By-Laws—Restrictive Provisions—Code, Section 3252.*—Section 3252 of the Code requiring the conditions and restrictive provisions of insurance policies to be printed in type as large as or larger than long primer type, or written with pen and ink in or on the policy, has no application to the conditions and restrictive provisions contained in the by-laws of an ordinary mutual benefit society made a part of the certificate of membership, which is the contract between it and the member. The law conclusively presumes that those who become members of such a society have acquainted themselves with its by-laws.

Error to a judgment of the Law and Equity Court of the city of Norfolk in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Braxton, Williams & Eggleston,* for the plaintiff in error.

*Wolcott & Wolcott,* for the defendant in error.

Buchanan, J., delivered the opinion of the Court.

Sarah Armstrong instituted her action of assumpsit against Fraternities Accident Order, a corporation chartered under the

laws of the state of Pennsylvania, to recover a sum not exceeding $5,000, which she claimed was due her on a certificate of membership issued to her husband, John D. Armstrong, deceased, as a member of the defendant order, for her benefit.

The certificate of membership, so far as it is material to the question involved in this writ of error, is as follows: "This certificate of membership in the Fraternities Accident Order is issued to John D. Armstrong, of Norfolk, Va., upon condition that the statements and representations made by him in the application for membership which is filed in the general secretary's office are true, and that the said application and the laws of the Order as now in force, or as hereafter enacted by the Grand Council, be made a part of this contract, and upon condition that the said member complies in the future with the laws, rules and regulations now governing the Grand Council and its funds, or that may hereafter be enacted by the Grand Council to govern said Council and funds. The Fraternities Accident Order hereby constitutes him a fifth-rate member, and promises to pay out of the benefit fund of the Accident Department to Sarah Armstrong, wife, a sum not exceeding five thousand dollars, in accordance with and under the provisions of the laws governing said Order and fund, upon satisfactory evidence of the death of said member through external, violent and accidental means, within the intent and meaning of the laws of this Order . . . "

John D. Armstrong lost his life by accidental drowning, as is alleged.

The defendant company tendered thirteen special pleas, all of which were accepted by the court, except special plea No. 1, which was rejected. The action of the court in rejecting special plea No. 1 is assigned as error.

This plea, we think, was properly rejected. It merely avers the manner in which, and the fund out of which, the plaintiff was entitled to be paid under the by-laws, rules and usages of

the defendant order, but sets up no legal defense, as the court held, to the plaintiff's action.

Upon the trial of the cause the defendant offered to read in evidence the application of John D. Armstrong for membership in the defendant company, and a duly certified copy of its by-laws in force at the time of Armstrong's death. Upon objection the court excluded clause ten of the application for membership and certain by-laws, upon the ground that clause ten of the application and the copy of the by-laws offered in evidence were not printed (as is admitted) in type as large as long primer, and were therefore not admissible in evidence under the provisions of section 3252 of the Code. This action of the court is assigned as error.

The contention of the defendant is that section 3252 of the Code does not apply to the by-laws of a mutual benefit society, such as is the defendant, and especially not to a mere copy of such by-laws.

Section 3252 provides that "In any action against an insurance company or other insurer founded on a policy of insurance issued after the first day of January, eighteen hundred and seventy-eight, no failure to perform any condition of the policy, nor violation of any restrictive provision thereof, shall be a valid defense to such action, unless it appears that such condition or restrictive provision is printed in type as large as or larger than that commonly known as long primer type, or is written with pen and ink in or on the policy."

We do not think the statute quoted has any application to the "conditions" or "restrictive provisions" contained in the by-laws of a mutual benefit society like the defendant company. The object of the defendant company, as provided in its charter and declared in its by-laws, "is to unite fraternally white persons between the ages of eighteen and sixty years, of good moral character and sound bodily health, for beneficial protection, fraternal and social purposes, and for the payment of benefits in case of death or disability of its mem-

bers." These benefits can only be secured by becoming a member of the society or order. A person who becomes a member of such a society or order must acquaint himself with its by-laws, for they, to the extent of their provisions, measure his duties, his rights and his liabilities. He is chargeable with knowledge of the general nature and character of the organization which he is joining, and of its rules and regulations. See Niblack on Ben. Soc., sections 17, 18 and 24; *Building, &c., Asso.* v. *Snyder,* 98 Va. 710, 717, 718, 37 S. E. 298; *Peoples, &c., Asso.* v. *Tinsley,* 96 Va. 322, 31 S. E. 508; *Campbell* v. *Eastern, &c., Asso.,* 98 Va. 729, 37 S. E. 350. The members of such a corporation being bound by the provisions of its by-laws, such by-laws enter into and form a part of the contract as between the member and the company, whether formally incorporated into the contract or not. 22 Cyc. 1411; Niblack on Ben. Soc., section 136.

The certificate of membership sued on, and upon which the plaintiff bases her right to recover, makes the by-laws of the defendant order a part of the contract between it and the member. Without looking to the by-laws, the rights and duties of the parties to the certificate of membership, cannot be ascertained.

"An ordinary life insurance policy," says Niblack, "contains the whole contract of insurance, but the certificate of membership in a mutual benefit society is only a part of the written evidence of the contract. In such a society the charter, constitution and by-laws in force at the time of the admission of the member are terms of an executory contract to which he assents when he enters it, and are therefore part of the contract of insurance, whether they are referred to in the ecrtificate of membership or not." Niblack on Ben. Soc., section 136.

To hold that section 3252 of the Code applied to the by-laws of a mutual benefit society like the defendant would make that section conflict with the well settled rule of law that in such societies the by-laws are a part of the contract of insurance. It

would not only produce this conflict, but would make that section apply to cases where the evil intended to be remedied by it did not exist. The object of that section was to require the "conditions" and "restrictive provisions" mentioned therein to be so plainly inserted as not to escape the observation of the insured when entering into a contract of insurance. *Cline* v. *Western Asso. Soc.,* 101 Va. 503, 504, 44 S. E. 700. It was not intended to require that the by-laws of a mutual benefit society should be printed in a particular manner to prevent those who became members of the society from overlooking their provisions, since the law conclusively presumes that those who become members of such a society have acquainted themselves with its by-laws.

Whether the court erred in excluding from the jury clause ten of the application of John D. Armstrong for membership, need not be considered, as that provision in the application is substantially the same as is contained in the by-laws, which, as we have seen, are admissible in evidence, and of which the member is presumed to have knowledge.

The action of the court in refusing to give instructions numbered 1, 2 and 3, asked for by the defendant, it assigned as error.

The court having refused to admit in evidence the by-laws upon which the pleas mentioned in the said instructions were based, there was no evidence upon which the jury could have found in favor of the defendant on any of the pleas mentioned in the instructions. The error which the court committed was not in refusing to give the instructions in the then condition of the evidence, but in excluding from the jury the by-laws of the defendant upon which the pleas mentioned in the instructions were based.

The judgment complained of must be reversed, the verdict of the jury set aside, and the cause remanded to the trial court for further proceedings to be had not in conflict with the views expressed in this opinion.

*Reversed.*